JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michelle "Doe"

### DEFENDANTS
Parx Casino; Greenwood Gaming and Entertainment, Inc.; and Greenwood Table Games Services, Inc.

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Bucks**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Justin F. Robinette, Esquire
325 Chestnut Street, Suite 800,
Philadelphia, PA 19106, Tel: (610) 212-6649

Attorneys *(If Known)*
Andrew J. Kramer, Esquire/Kane, Pugh, Knoell, Troy & Kramer LLP
510 Swede Street
Norristown, PA 19401

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq.

Brief description of cause:
Employment discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 12/07/2018
SIGNATURE OF ATTORNEY OF RECORD: *Justin F. Robinette*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Redacted (Philadelphia, PA)

Address of Defendant: 2999 Street Road, Bensalem, PA 19020

Place of Accident, Incident or Transaction: 2999 Street Road, Bensalem, PA 19020

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/07/2018      *(signature)* Justin F. Robinette      319829
                      Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
     *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Justin F. Robinette, Esquire, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 12/07/2018      *(signature)* Justin F. Robinette      319829
                      Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Michelle "Doe" | : | CIVIL ACTION |
| v. | : | |
| Parx Casino; Greenwood Gaming and Entertainment, Inc.; and Greenwood Table Games Services, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 12/07/2018 | Justin F. Robinette, Esq. | Plaintiff, Michelle "Doe" |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 212-6649 | (610) 646-0533 | jrobinette@discrimlawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE "DOE",<br><br>                        Plaintiff,<br>      v.<br><br>PARX CASINO; GREENWOOD GAMING AND ENTERTAINMENT, INC.; and GREENWOOD TABLE GAMES SERVICES, INC.,<br><br>                      Defendants. | Case No. _____ |

## COMPLAINT

### PARTIES

1. Plaintiff, Michelle "Doe", is an adult individual who resides at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

2. Defendant, Parx Casino, was, at all times relevant hereto, Plaintiff's employer, with a principal place of business at 2999 Street Road, Bensalem, PA 19020. Plaintiff was employed, at all times relevant hereto, at Parx Casino, 2999 Street Road, Bensalem, PA 19020.

3. Defendant, Greenwood Gaming and Entertainment, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at 3001 Street Road, Bensalem, PA 19020. Defendant, Greenwood Gaming and Entertainment, Inc., was, at all times relevant hereto, Plaintiff's employer.

4. Defendant, Greenwood Table Games Services, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at 3001 Street Road, Bensalem, PA 19020. Defendant, Greenwood Table Games Services, Inc., was, at all times relevant hereto, Plaintiff's employer.

**JURISDICTION AND VENUE**

5.	This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because the claims present a federal question.

6.	Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state-law claims, as those claims arise out of the same set of operative facts as the federal claims.

7.	This Court has jurisdiction over Defendants because Defendants' contacts with this state and judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. State of Washington, 326 U.S. 310 (1945), and its progeny.

8.	Venue is proper pursuant to Section 2000e-5(f)(3) of Title VII of the Civil Rights Act of 1964 because the unlawful employment practices alleged to have been committed occurred in this judicial district, and the employment records relevant to such practices are maintained and administered in this district.

9.	Venue is also proper pursuant to the general venue statute, 28 U.S.C. §§ 1391(b)(1)-(b)(2), because Defendants reside in and/or conduct business in this judicial district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

10.	At all times relevant hereto, Defendants each employed fifteen (15) or more persons for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

11. Plaintiff has exhausted all administrative remedies. Two (2) Notices of Right-to-Sue from the Equal Employment Opportunity Commission ("EEOC") are attached hereto collectively as Exhibit "A."

**COUNT I:
HOSTILE WORK ENVIRONMENT/HARASSMENT
BASED ON SEXUAL ORIENTATION (LESBIAN)
IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.
(Plaintiff, Michelle "Doe" v. Defendants, Parx Casino; Greenwood Gaming and Entertainment, Inc.; and Greenwood Table Games Services, Inc.)**

12. All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

13. Plaintiff was hired by Defendants in or around December 2017 as a Table Games Dealer at Parx Casino located at 2999 Street Road, Bensalem, PA 19020.

14. Plaintiff is an African-American female who identifies as a lesbian and has a masculine gender expression.

15. Plaintiff was subjected to a hostile environment/harassment because she is a lesbian. Sexual orientation discrimination is a subset of sex discrimination. All anti-gay or lesbian bias is inherently a form of sex bias.

16. The harassment consisted of the following:

    a. Plaintiff recalls that frequently during lunch and on breaks, throughout Plaintiff's employment, Plaintiff would sit at a table isolated as nobody would join Plaintiff's table, or Plaintiff would sit isolated on the benches in the middle of the room while Plaintiff's co-employees would sit around Plaintiff or at the end. Plaintiff's co-employees would not interact or

3

        associate with Plaintiff and acted as if they did not wish to be associated with Plaintiff.

b.    Plaintiff also recalls that frequently on outside breaks Plaintiff's co-employees would not interact or associate with Plaintiff and acted as if they did not wish to be associated with Plaintiff.

c.    Plaintiff recalls, several times in or around January/February 2018, Greg Houston, a male co-employee, would look in the opposite direction of Plaintiff when on the casino floor, would not associate with Plaintiff, and acted as if he did not wish to be associated with Plaintiff.

d.    In or around December 2017, shortly after Plaintiff started, Defendants' security guard, whose name Plaintiff does not know, misgendered Plaintiff with "sir" ("Thanks, sir").

e.    Plaintiff recalls that Lydia Last Name Unknown ("LNU"), a Table Games Dealer and co-employee, said, "She's gay," speculating about another female co-employee (not Plaintiff), to another co-employee, Christine LNU, in or around early 2018.

f.    In or around early 2018, and continuing through sometime in March 2018, Tyron LNU, Table Games Dealer, would repeatedly pick on Plaintiff, for example, by being aggressive, refusing to move out of the way for Plaintiff, and, in or around March 2018, Tyron jumped in Plaintiff's face aggressively.

g.    In or around March 2018, a female co-employee said to Plaintiff, "Ooh, baby."

h. In or around Plaintiff recalls March 2018, Plaintiff recalls discussing with either Becky LNU and Susan Eckert, in Human Resources, that Plaintiff believed she was being harassed by certain of Plaintiff's co-employees. Plaintiff also spoke to Steve Smith, Smith Manager.

i. In or around Easter, in April 2018, Gerald LNU, a Cook in the Employee Dining Room, said, "Yes sir, I mean ma'am", or words to that effect, to Plaintiff, in a derogatory manner. Plaintiff believes it was intentional because Gerald knew the Plaintiff. Plaintiff ate lunch in the dining room and interacted with Gerald before this incident.

j. In or around May 2018, a male co-employee said, "Hey, sunshine," to Plaintiff.

k. In or around May 2018, during a pre-shift meeting, Plaintiff stood up, Plaintiff introduced herself as Michelle, and Plaintiff said, "You can call me Shell." Plaintiff used "Shell" on Plaintiff's nametag and with customers. Plaintiff said that she may have had run-ins with some employees, and if anybody had any questions they should feel free speak to Plaintiff, or words to that effect. Julia Hall, the Pit Boss, said Plaintiff was not allowed to interrupt and to sit down. However, Plaintiff recalls a male employee was allowed to say what he wanted to say during a pre-shift a few months later. When presented with an opportunity to have shown a commitment to non-discrimination, to have allowed Plaintiff to address her co-employees together in a safe space in the way Plaintiff felt comfortable, and to potentially resolve the issues of anti-gay or lesbian

          harassment by her co-employees, instead, Ms. Hall shut Plaintiff down, and the hostile environment continued.

    l.    In or around late June 2018, Lydia LNU, Table Games Dealer, said something to Plaintiff and Plaintiff ignored it. Lydia then said, "What, is this bitch deaf?" Lydia said to Plaintiff, "You're not a man," said that Plaintiff was "dirty," and said that Plaintiff had a "bald head," or words to that effect. Lydia said this in front of another female co-employee, Jade LNU.

    m.    On or about August 11, 2018, a third party who is male came into Parx and threatened or intimidated the Plaintiff by getting in Plaintiff's face and making a fist. Plaintiff raised her concern with the pit boss.

    n.    On or about August 12, 2018, Steve Smith, suspended Plaintiff's employment, and stated Plaintiff was under investigative suspension.

    o.    Plaintiff was notified of Plaintiff's termination by Defendants on or about August 13, 2018.

17.    Plaintiff was subjectively offended, and any reasonable person would be objectively offended, by the harassment.

18.    The harassment was severe or pervasive enough to alter the conditions of Plaintiff's work environment, and make it more difficult to do the job.

19.    Defendants failed to provide prompt and appropriate action to prevent, correct, and remedy the hostile environment.

20.    Defendants do not have a policy of non-discrimination/anti-harassment which is fully LGBT-inclusive as the Defendants' "Equal Employment Protection" / "Equal Employment

Opportunity" policy in the employee handbook at pages 11-13, and online at [www.parxcasino.com/diversity] (Last Accessed December 7, 2018), does not specifically extend to "gender identity" or "gender expression."

**WHEREFORE**, Plaintiff, Michelle "Doe", demands judgment in her favor and against Defendants in an amount in excess of $150,000.00, and which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, and commissions; compensatory damages for pain and suffering, mental anguish, anxiety, depression, humiliation, embarrassment, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a policy of non-discrimination and anti-harassment that is fully LGBT-inclusive by extending to gender identity and gender expression; requiring training in non-discrimination and anti-harassment; and requiring Defendants to post notice of the verdict in this matter.

**COUNT II:**
**WRONGFUL DISCHARGE/TERMINATION**
**BASED ON SEXUAL ORIENTATION (LESBIAN)**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.**
**(Plaintiff, Michelle "Doe" v. Defendants, Parx Casino; Greenwood Gaming and Entertainment, Inc.; and Greenwood Table Games Services, Inc.)**

21.    All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

22.    Plaintiff was objectively qualified for the position Plaintiff held with Defendants as Table Games Dealer because Plaintiff went to Dealer Training Academy at Bucks County Community College, went to Casino Dealer School to learn Baccarat, and has worked previously as a dealer.

23. Plaintiff is an African-American female who identifies as a lesbian and has a masculine gender expression.

24. Plaintiff was terminated from employment by Defendants because Plaintiff is openly lesbian. Sexual orientation discrimination is a subset of sex discrimination. All anti-gay or lesbian bias is inherently a form of sex bias. The facts which support Plaintiff's claim of wrongful discharge/termination based on sexual orientation are as follows:

25. Defendants do not have a policy of non-discrimination/anti-harassment which is fully LGBT-inclusive as the Defendants' "Equal Employment Protection" / "Equal Employment Opportunity" policy in the employee handbook at pages 11-13, and online at [www.parxcasino.com/diversity] (Last Accessed December 7, 2018), does not specifically extend to "gender identity" or "gender expression."

26. Plaintiff recalls that frequently during lunch and on breaks, throughout Plaintiff's employment, Plaintiff would sit at a table isolated as nobody would join Plaintiff's table, or Plaintiff would sit isolated on the benches in the middle of the room while Plaintiff's co-employees would sit around Plaintiff or at the end. Plaintiff's co-employees would not interact or associate with Plaintiff and acted as if they did not wish to be associated with Plaintiff.

27. Plaintiff also recalls that frequently on outside breaks Plaintiff's co-employees would not interact or associate with Plaintiff and acted as if they did not wish to be associated with Plaintiff.

28. Plaintiff recalls, several times in or around January/February 2018, Greg Houston, a male co-employee, would look in the opposite direction of Plaintiff when on the casino floor, would not associate with Plaintiff, and acted as if he did not wish to be associated with Plaintiff.

29.     In or around December 2017, shortly after Plaintiff started, Defendants' security guard, whose name Plaintiff does not know, misgendered Plaintiff with "sir" ("Thanks, sir").

30.     Plaintiff recalls that Lydia Last Name Unknown ("LNU"), a Table Games Dealer and co-employee, said, "She's gay," speculating about another female co-employee (not Plaintiff), to another co-employee, Christine LNU, in or around early 2018.

31.     In or around early 2018, and continuing through sometime in March 2018, Tyron LNU, Table Games Dealer, would repeatedly pick on Plaintiff, for example, by being aggressive, refusing to move out of the way for Plaintiff, and, in or around March 2018, Tyron jumped in Plaintiff's face aggressively.

32.     In or around March 2018, a female co-employee said to Plaintiff, "Ooh, baby."

33.     In or around Plaintiff recalls March 2018, Plaintiff recalls discussing with either Becky LNU and Susan Eckert, in Human Resources, that Plaintiff believed she was being harassed by certain of Plaintiff's co-employees. Plaintiff also spoke to Steve Smith, Smith Manager.

34.     In or around Easter, in April 2018, Gerald LNU, a Cook in the Employee Dining Room, said, "Yes sir, I mean ma'am", or words to that effect, to Plaintiff, in a derogatory manner. Plaintiff believes it was intentional because Gerald knew the Plaintiff. Plaintiff ate lunch in the dining room and interacted with Gerald before this incident.

35.     In or around May 2018, a male co-employee said, "Hey, sunshine," to Plaintiff.

36.     In or around May 2018, during a pre-shift meeting, Plaintiff stood up, Plaintiff introduced herself as Michelle, and Plaintiff said, "You can call me Shell." Plaintiff used "Shell" on Plaintiff's nametag and with customers. Plaintiff said that she may have had run-ins with some employees, and if anybody had any questions they should feel free speak to Plaintiff, or

words to that effect. Julia Hall, the Pit Boss, said Plaintiff was not allowed to interrupt and to sit down. However, Plaintiff recalls a male employee was allowed to say what he wanted to say during a pre-shift a few months later.

37. In or around late June 2018, Lydia LNU, Table Games Dealer, said something to Plaintiff and Plaintiff ignored it. Lydia then said, "What, is this bitch deaf?" Lydia said to Plaintiff, "You're not a man," said that Plaintiff was "dirty," and said that Plaintiff had a "bald head," or words to that effect. Lydia said this in front of another female co-employee, Jade LNU.

38. On or about August 11, 2018, a third party who is male came into Parx and threatened or intimidated the Plaintiff by getting in Plaintiff's face and making a fist. Plaintiff raised her concern with the pit boss.

39. On or about August 12, 2018, Steve Smith, suspended Plaintiff's employment, and stated Plaintiff was under investigative suspension.

40. Plaintiff was notified of her termination by Defendants on or about August 13, 2018.

41. By comparison, Defendants did not terminate the employment of Lydia LNU who is heterosexual, verbally harassed Plaintiff based on Plaintiff's sexual orientation approximately two (2) months before, and who commented about another female employee's perceived sexual orientation prior to harassing Plaintiff on the same basis.

42. Defendants used a negative interaction with a customer as a pretext to terminate Plaintiff's employment, and the real reason for Plaintiff's termination was Plaintiff's sexual orientation (lesbian), and/or others' negative reactions to Plaintiff being openly lesbian.

43. Defendants acceded to or used employee and third-party/customer bias toward Plaintiff being openly lesbian as a reason to terminate Plaintiff's employment.

44. A motivating factor in Plaintiff's discharge was the fact that Plaintiff's co-employees, and/or a third-party/customer, reacted poorly to Plaintiff being openly lesbian.

**WHEREFORE**, Plaintiff, Michelle "Doe", demands judgment in her favor and against Defendants in an amount in excess of $150,000.00, and which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, and commissions; compensatory damages for pain and suffering, mental anguish, anxiety, depression, humiliation, embarrassment, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a policy of non-discrimination and anti-harassment that is fully LGBT-inclusive by extending to gender identity and gender expression; requiring training in non-discrimination and anti-harassment; and requiring Defendants to post notice of the verdict in this matter.

## JURY DEMAND

Plaintiff hereby requests a trial by jury of eight (8) members on all counts so triable.

Respectfully submitted,

DATED: 12/7/18

*[signature]*

JUSTIN F. ROBINETTE, ESQUIRE
Attorney I.D. No. 319829
325 Chestnut Street
Constitution Place
Suite 800
Philadelphia, PA 19106-2615
Tel: (610) 212-6649
Fax: (610) 646-0533
E-mail: jrobinette@discrimlawyer.com
*Attorney for Plaintiff, Michelle "Doe"*

11

# EXHIBIT "A"

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Michelle REDACTED

From: **Philadelphia District Office**
801 Market Street
Suite 1300
Philadelphia, PA 19107

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-05424 | Legal Unit, Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Jamie R. Williamson* 9/11/2018

Jamie R. Williamson,
District Director

(Date Mailed)

Enclosures(s)

cc: T Booner
Human Resources

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Michelle REDACTED | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is* **CONFIDENTIAL (29 CFR §1601.7(a))**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2019-00455 | Legal Unit | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]    More than 180 days have passed since the filing of this charge.

[X]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]    The EEOC is terminating its processing of this charge.

[ ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*        November 7, 2018

Jamie R. Williamson,        *(Date Mailed)*
**District Director**

Enclosures(s)

cc:
Robert B. Mulhern Jr., Esq.        Justin F. Robinette, Esq.
PARX CASINO        325 Chestnut Street, Suite 800
2999 Street Road        Philadelphia, PA 19106
Bensalem, PA 19020