IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE DOE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>PARX CASINO, et al.,<br><br>　　　　　　　Defendant. | CIVIL ACTION<br>NO. 18-5289 |

**ORDER**

**AND NOW**, this 2nd day of January 2019, upon consideration of Plaintiff's Motion to Proceed Anonymously (Doc. No. 2), and Defendants' Response to Plaintiff's Motion (Doc. No. 3), it is **ORDERED** as follows:

1. Plaintiff's Motion to Proceed Anonymously (Doc. No. 2) is **GRANTED**.

2. Plaintiff is permitted to file the Complaint using the pseudonym, "Michelle Doe."

3. Plaintiff is permitted to redact her address from the Complaint.

4. All pleadings and documents filed with the Court shall refer to Plaintiff by using the pseudonym, "Michelle Doe." The parties shall redact any pleadings or other documents that use Plaintiff's true name.[1]

---

[1] Plaintiff Michelle Doe ("Plaintiff") is an African-American female "who identifies as a lesbian and has a masculine gender expression." (Doc. No. 1 ¶¶ 14, 23.) On December 7, 2018, Plaintiff filed the present employment discrimination action against her former employers, Parx Casino, Greenwood Gaming and Entertainment, Inc., and Greenwood Table Games Services, Inc. ("Defendants"). (Doc. No. 1.) In Count I of the Complaint, Plaintiff alleges that Defendants subjected her to a hostile workplace environment based on her sexual orientation in violation of Title VII of the Civil Rights Act of 1964, 32 U.S.C. § 2000(e), et seq. (Id. ¶¶ 12-20.) In Count II, Plaintiff alleges that Defendant wrongfully terminated her based on her sexual orientation, also in violation of Title VII. (Id. ¶¶ 21-44.)

On December 7, 2018, Plaintiff filed the present Motion to Proceed Anonymously. (Doc. No. 2.) In the Motion, Plaintiff asks the Court to permit her to conceal her last name and adopt the

pseudonym, "Michelle Doe." (Id. at 3.) She fears that if she were to proceed under her given name, she might face violence, intimidation, and retribution based on her sexual orientation. (Id. at 6.) On December 19, 2018, Defendants filed a Response to Plaintiff's Motion. (Doc. No. 3.) Defendants "do not take a position as [to] whether plaintiff should be allowed to proceed anonymously in regard to the instant action and leave it to the sound discretion of this Honorable Court." (Id. at 3.)

Federal Rule of Civil Procedure provides that "[t]he title of the complaint must name all the parties . . . ." Fed. R. Civ. P. 10. "Courts have explained that Federal Rule of Civil Procedure 10(a) illustrates 'the principle that judicial proceedings, civil as well as criminal are to be conducted in public.'" Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2001) (citing Doe v. Blue Cross & Blue Shield United, 112 F. 3d 869, 872 (7th Cir. 1997)). In general, courts have held that the people have the right to know who is using their courts. Id.

Nevertheless, courts have recognized the need for a party to proceed anonymously. See, e.g., Doe v. C.A.R.S. Protection Plus, Inc., 527 F.3d 358, 371 n.2 (3d Cir. 2008). The decision whether to allow a party to proceed anonymously rests within the discretion of the court. Id. (citing Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992)). "That a plaintiff may suffer embarrassment or economic harm is not enough. Megless, 654 F.3d at 408. To proceed anonymously, a plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." Id. Courts have allowed a plaintiff to proceed anonymously is cases involving abortion, birth control, transsexuality, mental illness, welfare rights of children, AIDS, and homosexuality. Id. (citing Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990)).

If the plaintiff has sufficiently alleged fear of harm from litigating without a pseudonym, the court must then balance the plaintiff's interest against the public's interest in an open litigation process. Id. The Third Circuit Court of Appeals has set forth a non-exhaustive list of factors to be weighed both in favor of anonymity and factors that favor the traditional rule of openness. See Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D. Pa. 1997). Factors that weigh in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Id. at 467-68. Factors disfavoring anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Id.  This list of factors is not comprehensive and courts "will always be required to consider those [other] factors which the facts of the particular case implicate." Megless, 654 F.3d at 409 (citing Provident Life, 176 F.R.D. at 468).

As an initial matter, Plaintiff has shown that she has a reasonable fear of harm if she were to litigate without a pseudonym.  In the Complaint, Plaintiff alleges that she has faced pervasive harassment based on her sexual orientation and the fact that she has a masculine gender expression. (Doc. No. 1.)  She alleges discriminatory conduct by co-workers that range from insults and name-calling to aggression, intimidation, and threats of physical violence. (Doc. No. 2 at 4.)  As a result, she fears that proceeding anonymously will result in further threats, violence, and retribution.

Furthermore, the Court is convinced that Plaintiff's interest in proceeding free from fear of harm substantially outweighs the public's interest in open courts.  While there is a general public interest in accessing a party's identity in a case, Plaintiff is not a public figure and thus, there does not appear to be any specific public interest in the name of this particular Plaintiff.  Nor do Defendants oppose allowing Plaintiff to proceed as "Michelle Doe." (See Doc. No. 3.)  Plaintiff stresses that she does not seek to have this case sealed or to redact significant facts. (Doc. No. 2 at 12.)  Rather, she only asks that her last name remain private. (Id.)  What is more, she "is agreeable to conducting discovery, depositions, and even trial with [her] actual name used." (Id.)

Significantly, Plaintiff has a strong interest in keeping her identity anonymous.  She alleges that she has been subject to a litany of insults and threats at her workplace which she submits were directed at her because of her sexual orientation and the fact that she has a masculine gender expression. (Id. at 4.)  She alleges that she has faced threats of violence and retribution, and reasonably fears for her safety if she proceeds with her real name. (Id.)

BY THE COURT:


/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

As a result, the Court is persuaded that Plaintiff should be permitted to proceed under the pseudonym, "Michelle Doe." Accordingly, the Motion to Proceed Anonymously (Doc. No. 2) will be granted.